IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACOB WASHINGTON,
#753968,

        Plaintiff,        Case No. 22-cv-00471-SPM

v.

JOSEPH ORTIZ,

        Defendant.

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on its inherent authority to review and dismiss complaints that are frivolous or "transparently defective." *Hoskins v. Pelstra,* 320 F. 3d 761, 763 (7th Cir. 2003). "A complaint is factually frivolous if the allegations are clearly baseless, irrational, fanciful, delusional, or wholly incredible." *Felton v. City of Chic.*, 827 F.3d 632, 635 (7th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Plaintiff Jacob Washington presently resides at Chester Mental Health Center.[1] Proceeding *pro se,* he commenced this civil action by filing a Complaint on March 8, 2022. The Complaint on its face is unintelligible. He claims he "is kidnapped and held at a gun point in which Chester, Illinois is not ceded nor acceped [sic] into the union for random sake." (Doc. 1, p. 4). Washington goes on to claim that judges have violated their judicial oath and that he is being kept like a sardine. (*Id.*). He concludes by writing:

> Greetings a polygraph have been taken for all patients in which proceedings should not be misconstrued which Josh Jane and the state shall pay. 777,777,777 in the

---

[1] Although Washington is in the custody of the Illinois Department of Human Services, his legal status is unknown. Thus, the Court will not review his Complaint pursuant to Section 1915A. Additionally, he has paid the full filing fee and so the Complaint is not subject to review pursuant to 28 U.S.C. § 1915(e)(2). Regardless, the Court still has the ability to *sua sponte* dismiss the case. *See Weinschenk v. Central Intelligence Agency,* 818 F. App'x 557, 558 (7th Cir. Aug. 27, 2020) ("[W]hen the plaintiff is not proceeding in forma pauperis, *only* frivolousness can justify the *sua sponte* dismissal without giving notice and the opportunity to response.").

year of our Lord and Savior Jesus Christ."

(*Id.*). He then lists the names of three social workers who work in Unit B.

This is not the first time that Washington has asserted these types of claims in this Court. In 2017, Washington filed a habeas petition, which included allegations that he was kidnapped and held at gun point and that the administration of a polygraph test proves that experimentation has occurred. *See Washington v. Harper,* No. 17-cv-00690-NJR (S.D. Ill. June 30, 2017). Washington then filed an amended petition that was blank for the most part. In the amended petition, Washington sought both damages, injunctive relief, and credited time served. Based on these filings, the Court was unable to determine what type of action Washington intended to file. (*Harper,* at Doc. 5). The Court directed Washington to either file a civil rights action under 42 U.S.C. § 1983 if he was asking for mental health treatment or money damages, or alternatively, to file a habeas corpus petition under Section 2254 or 2241 if he was seeking release from detention. Ultimately, the case was dismissed when Washington failed to file any type of amended pleading as directed by the Court.

Three years later, Washington filed another petition for writ of habeas corpus. *Washington v. Ortiz,* No. 21-cv-00767-NJR (S.D. Ill. July 2, 2021). The petition was very similar to the petition previously filed in 2017. Again, the Court was unable to fully determine which type of relief Washington was wishing to pursue. (*Ortiz,* at Doc. 15). The Court found that Washington had not provided enough information for the case to proceed past preliminary review under either 28 U.S.C. § 1915A or Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The petition was dismissed, and Washington was sent the proper forms and instructed on how to file a complaint pursuant to Section 1983 and a petition for writ of habeas corpus. He was advised against reusing the same petition he filed in that case or past habeas actions.

Washington did not heed the Court's advice. The Complaint currently before the Court is identical to page two of the 2021 habeas petition. (*See Ortiz,* at Doc. 1, p. 2). While Washington

states he is seeking money damages and indicates he is proceeding with his claims pursuant to Section 1983, the Court cannot discern any claims against the listed defendant, Joseph Ortiz. More importantly, the Court is not required to accept as true the irrational and nonsensical claims included in the Complaint. *See Atkins v. Sharpe,* 854 F. App'x 73, 75 (7th Cir. 2021); *Gladney v. Pendleton Corr. Facility,* 302 F. 3d 773, 774 (7th Cir. 2002). Thus, the Complaint does not survive preliminary review and is **DISMISSED with prejudice.** *See Gladney,* 302 F. 3d at 775 ("dismissal is mandatory rather than discretionary, if the conditions for dismissal such as frivolousness are met"). **Washington is WARNED that if he continues to refile pleadings that have previously been dismissed, the Court may impose sanctions that include, but are not limited to, a monetary fine and/or a filing restriction.**

## DISPOSITION

For these reasons, the Complaint is **DISMISSED with prejudice** as frivolous. Washington may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   June 7, 2022**

                                                               *s/Stephen P. McGlynn*
                                                              **STEPHEN P. MCGLYNN**
                                                              **United States District Judge**